UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11, Subchapter V |
| | ) | |
| CHICAGOLAND GUNS & RANGE, LLC | ) | Case No.  23-81055 |
| | ) | |
| Debtor-in-Possession. | ) | Honorable Thomas M. Lynch |

## UNITED STATES TRUSTEE'S NOTICE OF MOTION TO CONVERT OR DISMISS PURSUANT TO 11 U.S.C. § 1112(b)

PLEASE TAKE NOTICE that on April 2, 2025, at 11:00 a.m., I will appear before the Honorable Thomas M. Lynch, or any judge sitting in that judge's place, **either** in courtroom 3100 of the U.S. Bankruptcy Court for the Northern District of Illinois, Stanley J. Roszkowski U.S. Courthouse, 327 South Church Street, Rockford, Illinois 61101, **or** electronically as described below, and present the United States Trustee's Motion to Convert or Dismiss, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, use this link: https://www.zoomgov.com/.  Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and passcode.

**Meeting ID and passcode.**  The meeting ID for this hearing is 160 291 5226 and the passcode is 852255.  The meeting ID and passcode can also be found on Judge Lynch's webpage on the court's website, https://www.ilnb.uscourts.gov/content/judge-thomas-m-lynch.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated:  March 7, 2025                                    Respectfully submitted,

ADAM G. BRIEF
Acting United States Trustee

Office of the United States Trustee
780 Regent Street, Suite 304
Madison, Wisconsin 53715                By:      _/s/ Jennifer J. Niemeier_
(608) 264-5522, extension 5643                   Jennifer K. Niemeier
Jennifer.Niemeier@usdoj.gov                      Attorney for the United States Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11, Subchapter V |
| | ) | |
| CHICAGOLAND GUNS & RANGE, LLC | ) | Case No.  23-81055 |
| | ) | |
| Debtor-in-Possession. | ) | Honorable Thomas M. Lynch |

**UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS PURSUANT TO 11 U.S.C. § 1112(b)**

Adam G. Brief, Acting United States Trustee for the Northern District of Illinois, by his attorney, Jennifer K. Niemeier, moves pursuant to 11 U.S.C. § 1112(b) for an order converting this case to chapter 7 for cause, or in the alternative, dismissing it.  In support the United States Trustee states:

**Summary of Argument**

1.     Cause exists to convert this case to chapter 7 or dismiss it because:

    a. The Debtor's failure to timely pay or demonstrate timely payment on its confirmed plan—including administrative claims—constitutes a material default; and

    b. Without counsel, the Debtor is unable to effectuate substantial consummation of its confirmed plan.

2.     Because the Debtor has substantial net worth, this case should be converted to chapter 7 for the benefit of unsecured creditors.

**Jurisdiction, Venue, and Standing**

3.     This is a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. § 157(b)(2)(A) and/or (O) which this Court may hear and determine.

4.     Venue of this case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

1

5.  The United States Trustee has standing to file this motion. 11 U.S.C. § 307; 28 U.S.C. § 586(a)(3) (charging the United States Trustee with the duty of supervising administration of chapter 11 cases, including, "monitoring the progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress."

**Factual Background**

*Confirmed Plan Terms*

6.  The Debtor filed a Third Amended Subchapter V Plan of Reorganization ("Plan") on April 9, 2024, with the assistance of its counsel, Attorney Karen Porter ("Attorney Porter"). (Dkt. 94)

7.  The Court entered an Amended Order confirming the Plan on June 21, 2024. (Dkt. 110)

8.  Among other things, the Plan provides:

    a.  "The Administrative Claim for compensation held by the Subchapter V Trustee . . . will be paid in full in the amount allowed by the court on or before seven days after the entry of the order awarding the compensation" (*id.* at 9, Art. 3.1);

    b.  "Priority Claims consist of the allowed claims of the Internal Revenue Service in the amount of $1759.06 and . . . will be paid in full on or before the Effective Date of the Plan" (*id.* at 9-10, Art. 3.4-.5);

    c.  The Debtor "shall . . . make all payments to holders of Allowed claims required by the Confirmation Order and the Plan" (*id.* at 12, Art. 8.3);

    d.  The Plan will be substantially consummated "when payments are made to Creditors under the Plan (*id.*, Art. 8.6); and

    e.  This Court "shall retain jurisdiction" (*id.* at 14, Art. 12.1).

2

*Withdrawal of Debtor's counsel*

9.After confirmation of the Plan the Debtor stopped communicating with Attorney Porter, resulting in Attorney Porter filing a Motion to Withdraw on November 7, 2024. (Dkt. 121)

10.On November 22, 2024, an Order Granting Attorney Porter's Motion to Withdraw was entered. (Dkt. 123)

11.No substitution of counsel or further appearance as counsel for the Debtor has been entered. (*See generally* Dkt.)

*Inadequate consummation of Plan*

12.On November 27, 2024, Attorney Porter notified the Debtor via email and regular mail that: (a) additional reporting was required to consummate the Plan, including proof of payments to the Internal Revenue Service and Liberty Mutual; (b) administrative claims to the Subchapter V Trustee and to her must be paid; and (c) a motion for final decree to close the case should be filed. (Dkt. 124 at 2)

13.No additional filings have been made in this case (*see generally* Dkt.), and the United States Trustee has received no additional information from the Debtor regarding claim payments or potential successor counsel.

14.Upon information and belief, one or more of the payments required by the Plan, including but not limited to the Subchapter V Trustee's administrative claim (*see* Dkt. 116), remain unpaid.

15.On February 10, 2025, counsel for the United States Trustee emailed the Debtor with a reminder of its outstanding obligations and to inquire when these obligations would be satisfied. The Debtor did not respond.

**Legal Standards for Conversion to Chapter 7 or Dismissal**

16. In relevant part, § 1112(b) of the Bankruptcy Code provides that on the request of a party in interest, and after notice and a hearing, the court "shall" convert a case to chapter 7 or dismiss, whichever is in the best interests of creditors, so long as the movant establishes "cause." *See* 11 U.S.C. § 1112(b)(1).

17. Subsection 1112(b)(4) sets forth a list of sixteen grounds that constitute cause for conversion or dismissal. *See* 11 U.S.C. § 1112(b)(4)(A)-(P).

18. For purposes of this subsection, the term "cause" includes—

. . .
(M) inability to effectuate substantial consummation of a confirmed plan;
(N) material default by the debtor with respect to a confirmed plan;
. . .

11 U.S.C. § 1112(b)(4).

19. This list is not exhaustive, and a case may be converted or dismissed for causes other than those specifically identified in § 1112(b)(4). *See, e.g.*, *In re LBJV, Ltd.*, 544 B.R. 401, 404 (Bankr. N.D. Ill. 2016).

**ARGUMENT**

I. **"Cause" exists to convert this case to chapter 7 or dismiss.**

A. <u>Failing to timely pay all administrative and other required claims constitutes a material default on the Plan.</u>

20. The Subchapter V Trustee's administrative claim in the amount of $14,940 was allowed more than seven months ago. (*See* Dkt. 116)

21. In addition to signing the Plan (*see* Dkt. 94 at 16), notice of the Debtor's obligations under the Plan was given to the Debtor on more than one occasion and in more than one manner.

22. The Debtor is or should be fully aware of its obligations under the Plan.

4

23. Upon information and belief, despite repeatedly being informed of its duties under the Plan, the Debtor has not only failed to provide proof of payment of the administrative and other claims required by the Plan, but in fact failed to make those payments.

24. The Debtor's failure to timely pay and/or provide proof of payment for all administrative and other claims required by the Plan constitutes a material default on the Plan.

25. The Debtor's failure to timely pay and/or provide proof of payment for all administrative and other claims required by the Plan constitutes cause under 11 U.S.C. § 1112(b)(4)(N).

B. <u>The Debtor is currently unable to substantially consummate the Plan.</u>

26. The Debtor is or should be fully aware that it is no longer represented by counsel in this case. (*See* Dkt. 124)

27. The Debtor is a registered limited liability company.

28. Registered limited liability companies may only appear by counsel in this Court. *United States v. Hagerman,* 545 F.3d 579, 581–82 (7th Cir.2008) (*Hagerman I*) (recognizing right to conduct business in that form, but concomitant obligation to hire counsel).

29. The Debtor is or should now be fully aware that it cannot proceed in this case without counsel.

30. Although the Plan has been confirmed, no notice of substantial consummation of the Plan or request for final decree has been filed. (*See generally* Dkt.)

31. Independent of any payments required under the Plan, it is unclear how the Debtor can effectuate substantial consummation of its Plan without counsel.

32. To the extent it remains ongoing, the Debtor's inability to effectuate substantial consummation of the Plan constitutes cause under 11 U.S.C. § 1112(b)(4)(M); *see also, e.g., United*

5

*States v. Hagerman*, 549 F.3d 536, 537 (7th Cir. 2008) (*Hagerman II*) (*sua sponte* treating withdrawal of counsel as a voluntary motion to dismiss LLC's fully briefed appeal).

## II.    Conversion, not dismissal, is the appropriate remedy in this case.

33.    The Debtor's schedules and the Plan's liquidation analysis reflect not less than $846,556.56 available for distribution[1] on unsecured claims of $165,183.13. (Dkt. 94 at 17; Dkt. 25; Dkt. 26 at 1-13.)

34.    The Debtor's amended statement of financial affairs further reflects, for example, $171,000 of insider payments made within one year of the filing of the petition on August 24, 2023. (Dkt. 48 at 13, line 30.1; Dkt. 1.) *See also, e.g.*, 11 U.S.C. §§ 546(a), 547(b)(4)(B), 548 (permitting timely actions to avoid certain payments to insiders).

35.    Liquidation of the Debtor's assets would generate a 100% dividend to unsecured creditors.

### Reservation of Right to Supplement

36.    The United States Trustee reserves the right to supplement this motion with additional cause for conversion or dismissal as it occurs or becomes known.

### Conclusion

37.    Based on the foregoing, cause exists under § 1112(b) to convert this case to chapter 7 or dismiss it.

38.    Because the Debtor has multiple unexempt assets or equity to liquidate for the benefit of creditors, the United States Trustee believes conversion, instead of dismissal, is appropriate.

---

[1] The Debtor is not entitled to exemptions, because it is not an individual debtor. *See* 11 U.S.C. § 522(b)(1).

6

WHEREFORE, the United States Trustee respectfully requests this Court enter an order converting this case to a case under chapter 7 of the Bankruptcy Code and requiring the Debtor to timely comply with, among other things, Bankruptcy Rules 1019(5)(A)(i) and (ii), or alternatively, dismissing this case, and granting such other relief as this Court deems just or necessary.

Dated:  March 7, 2025                                  Respectfully submitted,

                                            ADAM G. BRIEF
                                            Acting United States Trustee

Office of the United States Trustee
780 Regent Street, Suite 304
Madison, Wisconsin 53715                 By:    */s/ Jennifer J. Niemeier*
(608) 264-5522, extension 5643                      Jennifer K. Niemeier
Jennifer.Niemeier@usdoj.gov                     Attorney for the United States Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11, Subchapter V |
| | ) | |
| CHICAGOLAND GUNS & RANGE, LLC | ) | Case No. 23-81055 |
| | ) | |
| Debtor-in-Possession. | ) | Honorable Thomas M. Lynch |

## CERTIFICATE OF SERVICE

I, James C. Dreier, Jr., a non-attorney, declare under penalty of perjury under the laws of the United States of America, that: on March 7, 2025, a copy of the United States Trustee's attached Notice of Motion and Motion to Convert or Dismiss Pursuant to 11 U.S.C. § 1112(b) were served electronically from the Clerk of the United States Bankruptcy Court for the Northern District of Illinois via the Court's ECF system on the Subchapter V Trustee and parties receiving electronic notice in this case; and on the same date I emailed a copy of the same documentation to Leo Carlson Tessler at leocarlsontessler@msn.com and served a copy via U.S. first-class mail to:

Leo Carlson Tessler
Chicagoland Guns & Range, LLC
7307 Edwards Drive
Loves Park, IL 61111

/s/ *James C. Dreier, Jr.*
James C. Dreier, Jr.,
Paralegal Specialist