| **Information to identify the case:** | |
|---|---|
| Debtor name | Chicagoland Guns & Range, LLC |
| United States Bankruptcy Court for the Northern District of Illinois | |
| Case number: | 23–81055 |

## Order of Discharge

04/20

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1192 is granted to:

Chicagoland Guns & Range, LLC
aka Leo's Guns & Range, aka Leo's Gun Shop and Range, aka Leo's Gun Shop

**Dated:** September 5, 2025

**For the court:** Jeffrey P. Allsteadt , Clerk
United States Bankruptcy Court

**Explanation of Bankruptcy Discharge in a Corporation or Partnership Case
under § 1192 of Chapter 11, Subchapter V**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtor as a personal liability. For example, creditors cannot sue, assert a deficiency, or otherwise try to collect from the debtor on discharged debts. Creditors cannot contact the debtor by mail, phone, or otherwise in any attempt to collect the debt. Creditors who violate this order can be required to pay debtor's damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all.

Generally, a discharge removes the debtor's personal liability for debts that arose before confirmation of the plan and for administrative expenses provided for in the plan.

**Some debts are not discharged**

Debts not discharged are the following:

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case; and

- debts described by 11 U.S.C. § 1192(1): those on which the last payment is due after the first 3 years of the plan, or such other time not to exceed 5 years fixed by the court.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of subchapter V discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Form 3180RV3   **For Corporation or Partnership Whose Plan was Confirmed under § 1191(b)**